UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER ORTIZ-LUNA,<br><br>　　　　　　　　　　　Defendant. | Civil Case No.: 17cv1146-JAH<br>Criminal Case No.: 16cr874-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br>**[Doc. No. 145]** |

## INTRODUCTION

Pending before the Court is Defendant Francisco Javier Ortiz-Luna ("Defendant") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Doc. No. 145. Plaintiff, the United States of America ("Government"), filed a response in opposition to Defendant's motion. *See* Doc. No. 161. Having carefully considered the pleadings in this action and for the reasons set forth below, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

On April 27, 2016, an eight-count indictment was filed charging Defendant and 4 co-defendants as follows: Count one with 21 U.S.C. §§ 952, 960, and 963, conspiracy to import controlled substances; Count two with 21 U.S.C. §§ 841(a)(1) and 846, conspiracy

to distribute methamphetamine; Count three with 21 U.S.C. §§ 841(a)(1) and 846, conspiracy to distribute heroin; Count four with 21 U.S.C. §§ 952 and 960, importation of methamphetamine; Count five with 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine; Count Six with 21 U.S.C. §§ 952 and 960, importation of heroin, and 18 U.S.C § 2, aiding and abetting; Count seven with 21 U.S.C. §§ 952 and 960, importation of heroin, and 18 U.S.C. § 2, aiding and abetting; and Count eight with 21 U.S.C. § 841(a)(1), possession of heroin with intent to distribute. *See* Doc. No. 85 at 4. Defendant was charged with Counts 1-3, and 5-6. *Id*.

On September 13, 2016, Defendant entered into a plea agreement and pled guilty to Count 1, conspiracy to import controlled substances. *See* Doc. No. 71. The Court sentenced Defendant to a 75-month term of imprisonment followed by 5 years of supervised release. *See* Doc. No. 126. On June 6, 2017, Defendant filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. *See* Doc. No. 145. The Government filed a response in opposition to Defendant's motion. *See* Doc. No. 161.

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Habeas relief is available to correct errors of jurisdiction and constitutional error, but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). The petitioner carries the burden of establishing that he is entitled to post-conviction relief pursuant to 28 U.S.C. § 2255. *See United States v. Frady,* 456 U.S. 152, 170 (1982).

## **DISCUSSION**

Defendant contends that he received ineffective assistance of counsel for the following reasons: (1) lack of advice from his counsel; (2) failure to advise appellate rights; (3) failure to obtain "fast track" points; and (4) failure to obtain Government cooperation points. *See* Doc. No. 145 at 4-6, 8. Under the Sixth Amendment, criminal defendants are entitled to "effective assistance of counsel," in which representation is objectively reasonable in light of "prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 686-688 (1984). To sustain a claim for ineffective assistance, a petitioner has the burden of satisfying *Strickland*'s two-prong standard. *Id.* First, "defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Second, "defendant must show that the deficient performance prejudiced the defense." *Id*. This requires "showing that the counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.

### 1. Ground One—*Lack of Advice from Counsel*

Defendant alleges that his counsel provided ineffective assistance by pushing him to sign the plea agreement. *See* Doc. No. 145 at 4. Defendant also claims that his counsel failed to advise him of his sixth amendment right to testify. *Id*.

First, Rule 11 of the Federal Rules of Criminal Procedure provides that courts must address a criminal defendant personally and in open court to ensure that the plea is voluntary and not caused by force threats or other promises. *See* Fed. R. Crim. P. 11. The trial judge must make an affirmative finding that a plea of guilty is made intelligent and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 240 (1969). Furthermore, a defendant must have a sufficient present ability to "consult a lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (*per curiam*).

Here, Defendant initialed each page of the plea agreement, which states that "Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea." *See* Doc. No. 71 at 7. Defendant also initialed that "[n]o one has threatened defendant or defendant's family to induce this guilty plea." *Id*. Moreover, the record indicates that Defendant was addressed in open court before the Magistrate Judge to ensure that the plea was voluntary and not caused by threats or other promises. *See* Doc. No. 161-2 at 11. During the hearing, the Magistrate Judge also asked if Defendant had any questions or clarifications, in which Defendant responded, "No." *See Id*.

Defendant was represented by Adriana Cespedes ("Counsel"), who has been licensed to practice law in California since 2007. See Doc. No. 161-1, Exh. 1 at 2. She has been practicing criminal defense throughout her legal career. *Id*. In Counsel's sworn declaration, she indicates that she met with Defendant approximately five times and was able to consult with him in Spanish (Defendant's native language). *See* Doc. No. 161-1, Exh. 1 at 3. During those meetings, Counsel discussed his case, the evidence against him, and the plea agreement offered by the Government. *Id*. Furthermore, once Defendant pled guilty, Counsel once again reviewed the plea agreement with Defendant. *Id.* The evidence provided suggests Defendant had a factual and reasonable degree of understanding of the proceedings against him. Therefore, the Court finds that Defendant's guilty plea was intelligent and voluntary.

Next, Defendant contends that Counsel failed to advise him of his trial rights, such as his Sixth Amendment right to testify. *See* Doc. No. 145 at 4. The language in plea states that "Defendant understands that this guilty plea waives the right to: …(B) A speed and public trial by jury;… (E) Testify and present evidence and to have witnesses testify on behalf of defendant; and, not testify and present evidence and to have witnesses testify on behalf of defendant." *See* Doc. No. 71 at 6. To solidify Defendant's acknowledgement and understanding of his waiver of trial rights, he initialed section 4 on page 6 of the plea agreement titled "DEFENDANT'S WAIVER OF TRIAL RIGHTS." *Id*. Counsel also

1  advised Defendant of the constitutional rights being waived prior Defendant signing the
2  plea agreement. *See* Doc. No. 161-1, Exh. 1 at 3. Moreover, at the change of plea hearing,
3  Defendant affirmed that he understood the constitutional rights being waived as a result of
4  agreeing to sign the plea agreement. *See* Doc. No. 161-2 at 5-6. Therefore, Defendant has
5  not provided sufficient facts to indicate Counsel was ineffective in advising him of his trial
6  rights. As a result, Defendant is unable to satisfy the first prong of the *Strickland* standard
7  for ineffective assistance of counsel.

### 2. Ground Two--*Failure to Advise Appellate Rights*

Second, Defendant asserts that Counsel was ineffective by failing to advise him of his appellate rights. *See* Doc. No. 145 at 5-6, 8-9. "A waiver of appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Medina-Carrasco*, 815 F.3d 457, 461 (9th Cir. 2016). To determine whether an appeal waiver was knowingly and voluntarily made, the court must "look 'to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily.'" *United States v. Lo*, 839 F.3d 777, 783–84 (9th Cir. 2016) (quoting *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996)). This requires the court to consider "the express language of the waiver and the facts and circumstances surrounding the signing and entry of the plea agreement, including compliance with Federal Rule of Criminal Procedure 11." *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir. 2000), abrogated on other grounds by *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Here, the plea agreement contains a provision regarding waiver of Defendant's appellate rights. *See* Doc. No. 71 at 12. The language in the plea agreement states that "defendant waives, … any right to appeal or to collaterally attack the conviction and any lawful restitution order… defendant also waives any right to appeal or to collaterally attack the sentence…." *Id*. Defendant initialed the page acknowledging that he knowingly and voluntarily waived his appellate rights in exchange for the terms expressed in the plea

agreement. *Id*. Defendant's actions signify that he understood and acknowledged his appellate rights were being waived. Moreover, as discussed above, Counsel explained Defendant's waiver of appellate rights prior to Defendant signing the plea agreement.

Nevertheless, "a statement by the defendant and his attorney that they discussed the nature of the charge is ... insufficient to satisfy Rule 11(c), because vague references to [a] discussion of 'the charges' and 'the nature of the charges' does not provide a complete record showing compliance with Rule 11(c)." *United States v. Portillo-Cano*, 192 F.3d 1246, 1251 (9th Cir. 1999) (quoting *United States v. Smith*, 60 F.3d 595, 598 (9th Cir. 1995)) (internal quotations omitted). The court is required to "address the defendant personally in open court and inform [him] of, and determine that the defendant understands ... the nature of the charge to which the plea is offered." Fed. R. Crim. P. 11(c)(1); *United States v. Pena*, 314 F.3d 1152, 1155-1156 (9th Cir. 2003).

Here, the Court advised Defendant of his right to appeal and that signing the plea agreement will waive such right. *See* Doc. No. 161-2 at 10. The Court also reviewed the plea agreement and confirmed that Defendant's initials were on each page. *Id*. By defendant responding that he understood the Court and confirming his understanding of the plea agreement with his initials, Defendant's waiver was knowing and voluntary. *See Id*. Furthermore, at Defendant's sentencing hearing, the Court confirmed Defendant's waiver by asking, "Do you understand you've waived your right to appeal and to collaterally attack your conviction and sentence?" *See* Doc. No. 158 at 18. Defendant responded, "Yes." *Id*. As such, Defendant is unable to satisfy the first prong of the *Strickland* standard for ineffective assistance of counsel.

### 3. Ground Three--*Failure to Obtain "Fast-Track" Points*

Next, Defendant claims Counsel was ineffective for failing to obtain "fast-track" points. *See* Doc. No. 145 at 6. A defendant seeking to challenge the validity of his conviction on the ground of ineffective assistance of counsel must demonstrate that his counsel's performance was deficient and was prejudiced as a result of the deficiency. *Strickland*, 466 U.S. at 687–88. Prejudice is established by a showing of a reasonable

probability that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. 137, 147 (2012).

Here, Defendant fails to show that his counsel failed to obtain "fast track" points. As stated in the plea agreement, Defendant was provided "fast-track" points in which he received a minus four downward departure, pursuant to United States Sentencing Guidelines ("USSG" or "Guidelines") § 5K3.1. *See* Doc. Nos. 71, 85 at 9, 21. Counsel's performance was neither deficient nor prejudicial as Defendant received the benefit of "fast-track" points. Therefore, Defendant fails to satisfy the first prong *Strickland* standard for ineffective assistance of counsel.

### 4. Ground Four--*Failure to Obtain Government Cooperation*

Finally, Defendant claims Counsel was ineffective for failing to obtain cooperation points for providing substantial assistance to the government under § 5K1.1 of the USSG. *See* Doc. No. 145 at 8. "Section 5K1.1 permits a district court to depart from the Guidelines "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." *See* U.S.S.G. § 5K1.1. Section 5K1.1 allows the government to move for a departure when a defendant has substantially assisted, but it imposes no duty to do so. *See Wade v. United States*, 504 U.S. 181, 185 (1992); *see also United States v. Arishi*, 54 F.3d 596, 597 (9th Cir. 1995). "Even if a defendant has provided substantial assistance, [the Court] may not grant relief unless the government's refusal to file a § 5K1.1 motion was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to a legitimate governmental purpose." *United States v. Flores*, 559 F.3d 1016, 1019 (9th Cir. 2009); *see also U.S. v. De La Fuente*, 8 F.3d 1333, 1340 (9th Cir. 1993) (holding that the court has the power to depart downward without such a motion if the government acted unconstitutionally in declining to file a motion for cooperation points).

Here, Defendant's counsel did not fail to make a Section 5K1.1 motion because the record does not provide that the Government was willing to recommend the downward departure. *See* Doc. Nos. 71, 85, 158, 161. Since the Government did not file a motion, Counsel did not provide deficient nor was Defendant prejudiced as a result of Counsel's performance. Moreover, neither the record nor Defendant provides facts to suggest that the Government's decision to not file a motion was based on impermissible motives, constituted a breach of a plea agreement, unconstitutional, or not related to a legitimate governmental purpose. As a result, Defendant fails to satisfy the first prong of the *Strickland* standard for ineffective assistance of counsel.

## CONCLUSION

For all the reasons discussed above, IT IS HERE BY ORDERED that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: December 1, 2020

_____
Hon. John A. Houston
United States District Judge